IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF ) | | 8:06CV580 |
| ) | | |
| APARTMENTS AT TIMBER RIDGE, L.P., ) | | BK05-82135 |
| a/k/a Tiber Ridge Apartments, ) | | |
| ) | | |
| Debtor. ) | | |
| --------------------------------------------------------------- | | |
| IN THE MATTER OF ) | | 8:06CV582 |
| ) | | |
| ARBORS SS, L.P. ) | | BK04-83569 |
| ) | | |
| Debtor. ) | | |

This matter is before the court on a referral from bankruptcy for consideration of contempt against Richard Wagner, the principal person in charge of the management of both debtors in these cases.  Filing No. 1.  Bankruptcy Judge Timothy J. Mahoney previously heard this case and ordered Wagner to produce certain documents.  Wagner failed to do so.  Filing No. 1.  The bankruptcy court found Wagner in contempt and gave him until July 28, 2006, to purge himself of this contempt.  *Id.*; Bankr. Ct. Filing No. 133, Bankr. No. BK05-82135.  Judge Mahoney filed a report and recommendation asking this court to sanction Wagner for his repeated refusals to follow court orders.  Filing No. 1.  This court then scheduled a show cause hearing for Wagner.  Wagner asked for a continuance from the first hearing due to the death of his mother and he failed to appear for the rescheduled hearing.  The court issued a bench warrant for Wagner's arrest and rescheduled the hearing.  The court referred the potential criminal contempt issue to the United States Attorney's office for review.

Thereafter, Wagner appeared for the next hearing and the court rescinded the arrest warrant.  The court then ordered documents and information needed for the debtors' tax

returns produced to the accountant.  The court ordered and subsequently received a status update.  The court then ordered a telephonic hearing.  The court indicated to the parties that it would hold in abeyance a decision on the contempt issue and request for attorney fees.  The court rescheduled the telephonic status hearing for December 8, 2006.  On that date, the court held a telephonic status conference, wherein counsel for Wagner reported that documents had been produced to the accountant, but one final return had to be completed and signed by Wagner.  The court scheduled yet another hearing for December 20, 2006, to assure that all documents have been produced, all tax returns signed by Wagner, and all tax returns filed.  The court also indicated it would not rule on the contempt or attorney fees issues until after full compliance with the order to produce documents.

During a telephone conference on December 20, 2006, the parties agreed that the documentation has been supplied; however, the information has been sent to Lehman Housing Tax Credit Fund LP and Lehman Tax Credit Advisors, Inc. and their accountants have not yet reviewed the proposed tax returns.  Accordingly, the tax returns have been signed and filed.  Counsel for Lehman Housing Tax Credit Fund LP and Lehman Tax Credit Advisors, Inc. has indicted that their accountants can view this information within the next two weeks.  Counsel for Wagner represented to the court that Wagner will sign and cause the tax returns to be filed before January 5, 2007.  Accordingly, the court has scheduled yet another status conference for January 5, 2007, at 4:00 p.m., to assure that the tax returns have been signed and filed, before returning this case to the bankruptcy court.  The parties were instructed by the court to notify the court if the filing occurs in advance of the status hearing.  If that occurs, the court will cancel the January 5, 2007, status hearing.

Accordingly, the court moves to the issue of contempt in this case. Sanctions for contempt are authorized under 18 U.S.C. § 401, which provides:

> A court of the United States shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as--
>
> (1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;
>
> (2) Misbehavior of any of its officers in their official transactions;
>
> (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

18 U.S.C. § 401. This court has "the power to punish by fine or imprisonment" the disobedience of its lawful orders. 18 U.S.C. § 401(3). The court has the inherent power to sanction. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991). There are two kinds of civil contempt penalties a court can impose. *See, e.g., Klett v. Pim*, 965 F.2d 587, 590 (8th Cir. 1992). The first is a coercive penalty, such as a fine or jailing, designed to force the offending party to comply with the court's order—the offending party has the power to end the sanction by purging themselves of contempt, i.e., complying with the order. *Id.* The second is compensatory: the non-offending party is compensated for the damage they incur as a result of the offending party's contempt. *Id.*

A civil contempt action which includes a finding of willful disobedience of court orders permits an award of attorney fees. *Toledo Scale Co. v. Computing Scale Co.*, 261 U.S. 399, 426-28 (1923); *Kehm v. Proctor & Gamble Mfg. Co.*, 724 F.2d 630, 630-31 (8th Cir. 1984). Lehman Housing Tax Credit Fund LP and Lehman Tax Credit Advisors, Inc. asks that it be permitted to file a separate application for attorney fees. Wagner agrees

that an award of attorney fees by this court is not mandatory but is within the discretion of the court. *Hartman v. Lyng*, 884 F.2d 1103, 1106 (8th Cir. 1989) (purpose of compensatory sanction is to restore injured party); 17 Am. Jr. 2d *Contempt* § 215 (2004); *Harcourt Brace Javonovich Legal and Professional Publications, Inc. v. Multi State Legal Studies, Inc.*, 26 F.3d 948, 953 (9th Cir. 1994); *In Re Holywell Corp.*, 967 F.2d 568 (11th Cir. 1992); *BPS Guard Services. v. Int'l Union of United Plant Guard Workers of America, Local 228*, 45 F.3d 205, 211 (7th Cir. 1995). The court finds that Wagner's actions in this case were willful, in the sense that the conduct cannot be characterized as accidental or involuntary. The court finds Wagner did not act in good faith or on reasonable interpretation of a court order. The court believes the actions of Wagner were flagrant and without justification. Accordingly, the court shall grant costs and attorney fees in this case. Lehman Housing Tax Credit Fund LP and Lehman Tax Credit Advisors, Inc. have until January 5, 2007, to file their application for attorney fees, costs and expenses. Such application should include time and expenses incurred through December 21, 2006, but not thereafter. Wagner has until January 15, 2007, to respond to the application for attorney fees, costs and expenses.

THEREFORE, IT IS ORDERED THAT:

1. The court finds Richard Wagner in contempt of court;
2. Attorney fees, costs and expenses will be awarded in favor of Lehman Housing Tax Credit Fund LP and Lehman Tax Credit Advisors, Inc.;
3. Lehman Housing Tax Credit Fund LP and Lehman Tax Credit Advisors, Inc. have until January 5, 2007, to file their application for attorney fees, costs and expenses;

4.  Richard Wagner has until January 15, 2007, to respond to said application for attorney fees, costs and expenses; and

5.  A status hearing will be held by telephone on January 5, 2007, at 4:00 p.m., unless the parties notify the court prior to that date that the tax returns are completed, signed and filed.

DATED this 29th day of December, 2006.

                              BY THE COURT:

                              s/Joseph F. Bataillon
                              JOSEPH F. BATAILLON
                              United States District Judge