IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF ) | | 8:06CV580 |
| ) | | |
| APARTMENTS AT TIMBER RIDGE, L.P., ) | | BK05-82135 |
| a/k/a Tiber Ridge Apartments, ) | | |
| ) | | |
| Debtor. ) | | |
| ---------------------------------------------------------------- | | |
| IN THE MATTER OF ) | | 8:06CV582 |
| ) | | |
| ARBORS SS, L.P. ) | | BK04-83569 |
| ) | | |
| Debtor. ) | | |

MEMORANDUM AND ORDER

This matter is before the court on a referral from bankruptcy for consideration of contempt against Richard Wagner, the principal person in charge of the management of both debtors in these cases. Filing No. 1. On December 29, 2006, this court found Richard Wagner in contempt of court. Filing No. 30. The court further found that attorney fees, costs and expenses will be awarded in favor of Lehman Housing Tax Credit Fund LP and Lehman Tax Credit Advisors, Inc. *Id*. The parties were given an opportunity to file a request for fees, costs and expenses and an opportunity to respond. Both parties filed their respective briefs and affidavits. The court scheduled a hearing on February 2, 2007, but the parties have now moved to proceed without a hearing.

The court has carefully reviewed the request for fees and supporting affidavit and billing statement. Counsel for Lehman Housing Tax Credit Fund LP and Lehman Tax Credit Advisors, Inc. indicates that his hourly rate is $220.00 and his associate Michael T. Eversden's hourly rate is $130.00. The total amount requested by counsel is $9,845.00 in the Timber Ridge case and $16,412.00 in the Arbor SS case. Debtors' counsel objects

to the amount of attorney fees requested in each case.  Counsel for Mr. Wagner argues that Mr. Wagner attempted to comply with the bankruptcy and district court orders.  That argument is completely without merit, and the court has already found otherwise.  Filing No. 30.  The court has already ordered that attorney fees will be granted in this case.  Mr. Wagner's refusal to comply and to attend court hearings is the complete cause for the fees incurred by Arbor SS and Timber Ridge.  Remedial fees are in order.

Counsel for Mr. Wagner next argues that the fees are excessive and unreasonable given the simple nature of the issues involved in this case.  Counsel asks the court to compare her hours to the hours spent by counsel for Arbor SS and Timber Ridge.  The court finds that such comparison is not helpful.  Counsel for Arbor SS and Timber Ridge had to research, write, confer with clients, and show up in court a number of times to combat Mr. Wagner's refusal to comply.  Arbor SS and Timber Ridge no doubt incurred substantially more fees than did Mr. Wagner.  The court will not punish Lehman, because their counsel vigilantly fought for information to which they were clearly entitled.  None of these fees would have been incurred, if Mr. Wagner had complied with the orders of the bankruptcy court and this court.  The request for tax information began in February 2006, and continued through December 2006.

Debtors' counsel also argues that several of the entries are vague.  She gives a few examples, but states "these [examples] are for illustrative purposes only, and not intended to be an exhaustive list of all questioned entries."  8:06CV582, Filing No. 32 at 4; 8:06CV580, Filing No. 35 at 4.  If counsel finds entries to be vague, she should have specifically delineated those entries and stated her argument as to each entry.

The court has carefully reviewed the request for fees submitted by counsel. The court agrees with counsel for Mr. Wagner that the issues are simple. However, Mr. Wagner's behavior caused counsel for Lehman to incur these fees, regardless of the simplicity of the issues. The court finds the hourly rates are reasonable; the amount of time expended is reasonable; and the parties should be awarded the requested amounts.

THEREFORE, IT IS ORDERED THAT:

1. The motion for attorney fees in 8:06CV580, Filing No. 31, is granted in the amount of $9,845.00;

2. The motion for attorney fees in 8:06CV582, Filing No. 28, is granted in the amount of $16,412.00;

3. The report and recommendation of the bankruptcy judge, Filing No. 1, in 8:06CV582, is adopted;

4. The report and recommendation of the bankruptcy judge, Filing No. 1, in 8:06CV580, is adopted;

5. Both 8:06CV580 and 8:06CV582 are dismissed and the case is returned to the Bankruptcy Court;

6. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 12th day of March, 2007.

BY THE COURT:

s/Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge